J. W. Hillman v. State, 72 S.W.(2d) 607, this day delivered, is a companion case.

It was charged in the indictment, in substance, that Lewis Hutchison, J. W. Hillman, and appellant, with malice aforethought, killed George E. Berry by striking and beating him with a piece of iron.

The testimony on the part of the state was, in substance, as follows: Deceased was sitting near his blacksmith shop. Hutchison, Hillman, and appellant walked up behind him and Hillman struck deceased on the head with a piece of iron. Appellant and Hutchison were also carrying pieces of iron which they had drawn on deceased at the time Hillman struck the fatal blow. Deceased was making no demonstration toward the parties at the time they attacked him.

Appellant testified that he had an argument with deceased and that deceased struck him, knocking him down. He testified, further, that as soon as he was able to get up he left the scene. He denied that he attacked deceased.

A physician testified that deceased's skull was crushed, and that he died from the effects of the wound in two or three days.

No bills of exception are brought forward.

Deeming the evidence sufficient, the judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## ROGERS v. POTTORFF.

No. 2995.

Court of Civil Appeals of Texas. El Paso.

June 7, 1934.

W. E. Rogers, in pro. per. and John B. Howard, of El Paso, for appellant.

Jones, Goldstein, Hardie & Grambling, of El Paso, for appellee.

WALTHALL, Justice.

This case presents a statutory proceeding of forcible entry and detainer, instituted in the justice of the peace court by S. O. Pottorff, receiver of the First National Bank, against W. E. Rogers, a tenant of one of the rooms in the bank building. Pottorff obtained judgment against Rogers in the justice court. Rogers duly appealed the case to the El Paso county court at law, where the case was tried de novo, resulting in a verdict and judgment in favor of Pottorff, receiver, from which judgment Rogers prosecutes this appeal.

Opinion.

In the justice court Pottorff sued to recover only the possession of the room. In the county court at law the suit was to recover the possession of the room and rents.

Under the statute no appeal lies from the county court at law to this court on the matters pertaining to the forcible entry and detainer part of the suit. Madison v. Martinez (Tex. Civ. App.) 56 S.W.(2d) 908.

Under article 3990 of the statute (Vernon's Ann. Civ. St.): "The appellee shall be permitted to prove the damages for withholding the possession of the premises from the appellee during the pendency of the appeal and the reasonable expenses of the appellee in prosecuting or defending the cause in the county court."

The appeal from the justice court was perfected, by filing the appeal bond, on the 21st day of March, 1933. Judgment was rendered in the county court at law on the 22d day of September, 1933. The jury found the rental value of the premises pending the appeal to be $120, and judgment was rendered for that amount. The court in addition to the rental value rendered judgment in favor of appellee for $50 attorney fee, of which no complaint is made.

Appellant presents some propositions pertaining solely to the entry and detainer portion of the suit. On such we have no jurisdiction. We have considered appellant's propositions pertaining to the rental value of the premises sued for, and find no reversible error.

Because of disqualification, Justice HIGGINS did not sit in this case.

The case is affirmed.